IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DOUGLAS A. NIXON AND
PIAOWAKA C. WINDWOLF                                          PLAINTIFFS

v.                        CASE NO. 5:16-CV-5003

BRENT MANNING'S QUALITY PREOWNED, Inc.,
d/b/a BRENT MANNING'S CREDIT CARS, Inc.,
BRENT MANNING, BRETT THARP, and
TRUITY FEDERAL CREDIT UNION                                   DEFENDANTS

TRUITY FEDERAL CREDIT UNION                                   COUNTER CLAIMANT

v.

DOUGLAS A. NIXON AND
PIAOWAKA C. WINDWOLF                                          COUNTER DEFENDANTS

OPINION AND ORDER

Currently before the Court is Plaintiffs Douglas A. Nixon's and Piaowaka C. Windwolf's Petition to the Court to Add Defendant Amanda Manning (Doc. 50). Plaintiffs filed the Motion on May 18, 2016, and none of the defendants have filed a response. Accordingly, the Motion is now ripe for decision. For the reasons stated below, Plaintiffs' Petition (Doc. 50) is **DENIED**.

I. DISCUSSION

A brief recounting of the background facts and procedural history of this case is useful to provide context to this Order. Plaintiffs, who proceed *pro se* and *in forma pauperis*, filed a Complaint (Doc. 1) alleging that several Defendants violated certain federal regulations relevant to their purchase of a 2007 Mini Cooper automobile. They then filed an Amended Complaint (Doc. 32) on March 21, 2016, after the Court granted

1

them leave to restyle their original Complaint. The Court held a case management hearing on March 28, 2016, at which it denied Plaintiffs' Motion to Compel (Doc. 28) and Motion for Sanctions (Doc. 33), and *sua sponte* dismissed without prejudice Defendant Kelly Diven. On March 29, 2016, the Court entered a Miscellaneous Order (Doc. 41) directing the Clerk's Office to restyle the caption of the case, striking all pending discovery requests, and establishing certain deadlines related to initial disclosures and discovery.

One of the Defendants named in the Amended Complaint is Brent Manning's Quality Preowned, Inc., d/b/a Brent Manning's Credit Cars, Inc. ("Credit Cars"), the company from which Plaintiffs bought the 2007 Mini Cooper. Plaintiffs also named Brent Manning, an individual they believed to be the owner and majority shareholder of Credit Cars. Plaintiffs' Petition, however, states that they learned during discovery that an individual named Amanda Manning is the "true owner" of Credit Cars. (Doc. 50). Plaintiffs accordingly seek to add Ms. Manning as a Defendant.

Joining Ms. Manning under Rule 19 or Rule 20 would require the Court to grant Plaintiffs leave to amend their Amended Complaint. *E.g., Tang v. Northpole Ltd.*, 2016 WL 1732757, at *5 (W.D. Ark. Apr. 29, 2016) (noting that a plaintiff's motion to join a defendant would require leave to amend). A party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days of receiving service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, a party needs the opposing party's written consent, or the court's leave, to amend a pleading. Fed. R. Civ. P. 15(a)(2). While Rule 15(a)(2) instructs courts to "freely give leave when justice so requires," denial of a motion to amend is appropriate if amendment would be futile. *See*

*Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999); *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). This is such a case.

Save certain exceptional circumstances, the corporate form protects shareholders from being personally liable for claims against their corporations. *See K.C. Props. of N.W. Ark., Inc. v. Lowell Inv. Partners, LLC*, 373 Ark. 14, 32 (2008) ("It is a nearly universal rule that a corporation and its stockholders are separate and distinct entities . . . ."); *Anderson v. Stewart*, 366 Ark. 203, 207 (2006) ("Piercing the fiction of a corporate entity should be applied with great caution."). As the Court attempted to explain to Plaintiffs at the parties' Case Management Hearing when it dismissed Kelly Diven, the CEO of Defendant Truity Federal Credit Union, from the case, the mere fact that a person controls or owns a corporation does not mean that they can be sued for a wrong allegedly committed by the corporation. As was the case with Mr. Diven, Plaintiffs do not allege that Ms. Manning had any personal involvement in the sale of the 2007 Mini Cooper; rather, they seek to add her solely because she is the alleged owner of an incorporated entity, Credit Cars. Accordingly, any claim against her would be futile.

## II.   CONCLUSION

For the reasons stated herein, the Court finds that joining Ms. Manning would be futile, and **DENIES** Plaintiff's Petition (Doc. 50) on that basis.

**IT IS SO ORDERED** on this 20th day of June, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE