IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DOUGLAS A. NIXON AND
PIAOWAKA C. WINDWOLF                                             PLAINTIFFS

v.                              CASE NO. 5:16-CV-5003

BRENT MANNING'S QUALITY PREOWNED, Inc.,
d/b/a BRENT MANNING'S CREDIT CARS, Inc.,
BRENT MANNING, BRETT THARP, and
TRUITY FEDERAL CREDIT UNION                                      DEFENDANTS

TRUITY FEDERAL CREDIT UNION                                      COUNTER CLAIMANT

v.

DOUGLAS A. NIXON AND
PIAOWAKA C. WINDWOLF                                             COUNTER DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant/Counter Claimant Truity Federal Credit Union's ("Truity") Motion for Summary Judgment as to its Counterclaim (Doc. 52); Truity's Motion for Summary Judgment as to Plaintiffs Douglas A. Nixon's and Piaowaka C. Windwolf's Claims (Doc. 55); and Defendants Brent Manning's Quality Preowned, Inc.'s ("BMQP") and Brent Manning's Motion to Dismiss (Doc. 70). For the reasons stated herein, the Court rules as follows: Truity's Motion for Summary Judgment as to Plaintiffs' Claims (Doc. 55) is **GRANTED**; BMQP's and Brent Manning's Motion to Dismiss (Doc. 70) is **GRANTED**; and Truity's Motion for Summary Judgment as to its Counterclaim (Doc. 52) is **GRANTED**.

1

## I. BACKGROUND

This case arises from the sale of a used vehicle allegedly gone awry. On March 30, 2015, Plaintiffs Douglas A. Nixon and Piaowaka C. Windwolf purchased a used 2007 Mini Cooper from BMQP. To finance their purchase, Plaintiffs entered into a "Retail Installment Contract and Security Agreement," (Doc. 52-2), with BMQP that was subsequently assigned to Truity. That Agreement indicates a vehicle sale price of $7,990 plus GAP insurance in the amount of $900, for a total of $8,890. After making a down payment of $1,500, the total amount financed was $7,390. Plaintiffs made payments to Truity under the Agreement for six months. But, by the fall of 2015, Plaintiffs allege that the vehicle was effectively not road worthy, and so they stopped making their loan payments. Truity repossessed the vehicle, and on November 20, 2015 sold it at private auction for $3,300. After crediting that amount, minus certain costs related to repossessing and auctioning the vehicle, Truity lists a remaining principal of $4,214.87 on Plaintiffs' loan. (Doc. 52-3). Since the initiation of this lawsuit, that figure has been revised down to $3,396.60 to account for a partial refund on Plaintiffs' GAP insurance. (Doc. 74, p. 3).

Proceeding *pro se*, Plaintiffs filed a Complaint (Doc. 1) in this Court on January 5, 2016, and later filed an Amended Complaint (Doc. 32) on March 21, 2016. The Amended Complaint alleges that Defendants violated various provisions of the Federal Trade Commission Act ("FTCA"); the Magnuson-Moss Warranty Act; and the Federal Trade Commission's "Used Car Rule," which is found at 16 C.F.R. § 455. Truity filed an Answer and Counterclaim on March 29, 2016, denying the claims against it and counterclaiming for the balance owed on Plaintiffs' loan, plus interest, attorney's fees,

and expenses. On April 11, 2016, Plaintiffs filed an Answer to Truity's Counterclaim, which the Court will interpret as a general denial. BMQP filed its Answer to Plaintiffs' Amended Complaint (Doc. 48) on April 19, 2016, denying the claims against it.[1] Also named in the Complaint and Amended Complaint is Brett Tharp, a former salesman at BMQP who Plaintiffs have not been able to locate to effect service of process.

Truity filed two motions for summary judgment on June 30, 2016. The first is a Motion for Summary Judgment as to Truity's Counterclaims (Doc. 52), and the second is a Motion for Summary Judgment as to Plaintiffs' Claims (Doc. 55). On August 5, 2016, BMQP and Brent Manning filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (Doc. 70). All three motions have been fully briefed, and are ripe for decision. The Court will begin by discussing Truity's Motion as to Plaintiffs' Claims, then turn to BMQP's and Brent Manning's Motion to Dismiss, and finally will discuss Truity's Motion as to its Counterclaims.

## II.    DISCUSSION

### A.    Truity's Motion for Summary Judgment as to Plaintiffs' Claims

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Brent Manning filed an Answer (Doc. 11) to Plaintiffs' original Complaint on February 8, 2016, but did not separately file an answer to Plaintiffs' Amended Complaint. Under the common-defense doctrine, a defendant who fails to submit an answer may benefit from an answer filed by a similarly situated defendant. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). The Court finds that Manning and BMQP are similarly situated, and in this instance the common defense doctrine applies such that Manning was not required to separately answer Plaintiffs' Amended Complaint. To the extent that the common defense doctrine, for whatever reason, is found not to apply, the Court would alternatively have granted leave for Manning to file the instant Motion to Dismiss even though it would have been otherwise untimely under Fed. R. Civ. P. 12(a)(1)(A)(i) (allotting 21 days to file a responsive pleading).

matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of any logical inferences that can be drawn from the facts. *Union Elec. Co.*, 135 F.3d at 1212-13. The moving party bears the burden of proving the absence of any material factual disputes. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). If the moving party meets this burden, then the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). These facts must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 324 (1986)).

Truity first contends that it is entitled to summary judgment on Plaintiffs' FTCA claim because the FTCA does not contain a private right of action. To explain, not all of the laws in the United States Code can be enforced by individuals bringing private law suits. Instead, many are enforced through regulatory agencies, such as the Federal Trade Commission ("FTC"). Looking to the provisions of the FTCA identified by

Plaintiffs, it is clear that only the FTC, and not individual litigants, can file suits to enforce the FTCA.

Plaintiffs list 15 U.S.C. §§ 45(a)(1) and (m)(1)(a); 53(b), and 57b as the provisions of the FTCA that Truity allegedly violated. Section 45(a) prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce," and empowers "the Commission" to prevent persons and entities from using such practices. 15 U.S.C. § 45(a)(1)-(2). Subsection (m)(1)(a) grants "the Commission" power to "commence a civil action . . . in a district court of the United States against any person . . . [who] violates any rule under this subchapter respecting unfair or deceptive acts or practices . . . ." Section 53(b) gives "the Commission" power to "bring suit in a district court of the United States to enjoin" persons from violating provision of law enforced by the FTC. Section 57b likewise permits "the Commission" to bring civil actions, and details the forms of relief a court may grant "to redress injury to consumers or other persons . . . ." 15 U.S.C. § 57b(a)-(b).

As the plain language of the FTCA—which repeatedly gives "the Commission" enforcement authority—makes clear, it contains no private right of action. The Eighth Circuit recognized this in *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184 (8th Cir. 1996). Therein, the franchisee plaintiffs sued the franchisor defendant for common law fraud. *Id.* To support their allegation that the franchisor had acted in bad faith, the plaintiffs argued that the franchisor expressed an opinion about the future profitability of the franchise in violation of an FTC regulation. *Id.* The *Morrison* Court held that a violation of an FTC regulation is not evidence of bad faith for purposes of proving

common law fraud. *Id.* It noted that this holding "is consistent with other circuit's [sic] holdings that there is no private cause of action for violations of the Federal Trade Commission Act," *id.* (listing cases), reasoning that if plaintiffs were "permitted to plead violation[s] of FTC regulations as part of a state common law fraud case," then the Court would be "effectively extending a private cause of action under the Federal Trade Commission Act." *Id.* Other district courts within the Eighth Circuit have recognized that the FTCA does not include a private right of action as well. *See Friend v. Fryberger, Buchanan, Smith & Frederick, P.A.*, 2012 WL 503796, at *4 (D. Minn. Feb. 14, 2012) (stating that "only the FTC, and not private litigants such as [the plaintiff], may enforce the FTCA"); *Ventimiglia v. AT & T Yellow Pages*, 543 F. Supp. 2d 1038, 1045 (E.D. Mo. 2008) ("As there is no private right of action under the FTCA, Plaintiffs' claims cannot proceed."). Accordingly, Truity's Motion for Summary Judgment is granted as to Plaintiffs' FTCA claims.

Turning next to Plaintiffs' claims under the "Used Car Rule," 16 C.F.R. § 455, that regulation prohibits a "used vehicle dealer" from using certain deceptive acts and practices. 16 C.F.R. § 455.1(a)-(c). The regulation's definition of a "dealer," however, explicitly excludes "a bank or financial institution." *Id.* at (d)(3). As it is undisputed that Truity is a financial institution, *e.g.*, Doc. 52-11, ¶ 3 (Tate affidavit), the regulation does not apply to it. Moreover, the regulation was promulgated by the FTC pursuant to the FTCA. Therefore, as discussed above, it does not contain a private right of action. For those reasons, Truity's Motion for Summary Judgment is granted as to Plaintiffs' "Used Car Rule" claim.

Finally, Plaintiffs' claim under the Magnuson-Moss Warranty Act does not meet the Act's jurisdictional threshold amount of $50,000, and must be dismissed without prejudice on that basis. The Act imposes several standards for warranties, and explicitly provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter . . . may bring suit . . . in an appropriate district court of the United States, subject to paragraph (3) of this subsection." 15 U.S.C. § 2310(d)(1). Paragraph (3) of the subsection in turn states that no claim brought in the U.S. district courts "shall be cognizable" if "the amount in controversy is less than . . . $50,000." *Id.* at (d)(3)(B). In this case, Plaintiffs have requested "[$]5,060.65 for the total costs of the car and the repairs and vehicle reports," $900.00 for the GAP insurance, $3,995.00 "for having to borrow to purchase another vehicle," that Defendants "pay off the balance of the" estimated "$6,000" loan, and $1,184.00 for insurance expenses. (Doc. 32, ¶¶ 30-32). Doing the arithmetic, these claims total $17,139.65, well short of the $50,000 jurisdictional threshold. Therefore, Truity is entitled to summary judgment on Plaintiffs' Magnuson-Moss Warranty Act claim. Having so found, the Court need not reach Truity's argument that it is not a "supplier, warrantor, or service contractor" under the Act. *See* 15 U.S.C. § 2310(d)(1); Doc. 56, p. 6.

For the reasons discussed above, Truity's Motion for Summary Judgment on Plaintiffs' Claims (Doc. 55) is **GRANTED**.

### B. BMQP's and Brent Manning's Motion to Dismiss

BMQP and Brent Manning have moved to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).[2] To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the [plaintiffs are] entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of the Complaint's factual allegations as true, and construe them in the light most favorable to the plaintiffs, drawing all reasonable inferences in the plaintiffs' favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When a defendant challenges subject-matter jurisdiction through a Rule 12(b)(1) motion, "the question may be resolved either on the face of the pleadings or upon factual determinations made in consideration of matters outside of the pleadings." *Brotherhood of Maintenance of Way Employees Div. of Intern. Broth. of Teamsters v.*

---

[2] Since the Motion to Dismiss was filed after BMQP's Answer, the Court will treat it as a motion brought under Fed. R. Civ. P. 12(c). The distinction between a motion made under Fed. R. Civ. P. 12(c) and one made under Fed. R. Civ. P. 12(b)(6) "is purely formal, because we review this 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

*Union Pacific R. Co.*, 475 F. Supp. 2d 819, 834-35 (N.D. Iowa 2007) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 & n.6 (8th Cir. 1990)). The Court will resolve the instant question on the face of the pleadings, and therefore for purposes of this Motion accepts all factual allegations in the Complaint as true and draws all reasonable inferences in Plaintiffs' favor. *Id.*

BMQP and Brent Manning have moved to dismiss Plaintiffs' claims against them on materially the same grounds as Truity's above-discussed Motion for Summary Judgment. Specifically, they contend there is no private right of action under the FTCA and the "Used Car Rule," and that Plaintiffs' allegations do not meet the jurisdictional threshold amount of $50,000 under the Magnuson-Moss Warranty Act. For the same reasons discussed *supra* in Section II.A.—save Truity's contention that it was exempt from the Used Car Rule—BMQP's and Brent Manning's Motion to Dismiss is **GRANTED**.

### C. Truity's Motion for Summary Judgment as to its Counterclaim

Truity's Counterclaim asks the Court to issue a judgment against Plaintiffs in the amount of the balance allegedly owed by Plaintiffs under their loan agreement, plus interest and attorneys' fees. Having dismissed all of the claims in this case that raise a federal question, the Court has jurisdiction over Truity's Counterclaim only under 28 U.S.C. § 1367. In civil actions in which "the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Once "the district court has dismissed all claims over which it has original

jurisdiction," it may choose to "decline to exercise supplemental jurisdiction over a claim under subsection (a)." *Id.* at (c)(3). However, for reasons of judicial economy and to preserve the parties' time and resources, the Court finds it appropriate to exercise its § 1367 supplemental jurisdiction to adjudicate Truity's Counterclaim.

Strangely, Truity's Counterclaim does not identify a specific cause of action. The Counterclaim does, however, allege (i) that Plaintiffs executed a loan agreement with Truity; (ii) that Plaintiffs defaulted in their payment obligations under the loan agreement; and (iii) that Plaintiffs owe the remaining balance on the loan. (Doc. 39, pp. 3-4). These allegations meet the elements of breach of contract under Arkansas law. *See Jordan v. Diamond Equip. & Supply Co.*, 362 Ark. 142, 152–53 (2005) ("The essential elements of a contract are: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations."); AMI 2427 ("A party's failure to do what the contract required of [him] is a 'breach' of the contract."). Accordingly, the Court will interpret Truity's Counterclaim as one for breach of contract. *See FedEx TechConnect, Inc. v. OTI, Inc.*, 2013 WL 5405699, at *1 n.2 (S.D.N.Y. Sept. 23, 2013); *Delcid v. Am. Servicing Co.*, 2011 WL 5884274 (D. Ma. Oct. 3, 2011); *Bell v. United Dairy & Bakery Workers Local 87*, 2012 WL 4793074 (E.D. Mich. Oct. 9, 2012) (all reviewing complaints that did not expressly identify a cause of action and construing the allegations as forming certain causes of action).

The Court finds that Truity is entitled to summary judgment on its Counterclaim. Truity has produced the Plaintiffs' signed Loan Application (Doc. 52-1); the signed Retail Installment Contract and Security Agreement, which was assigned to Truity (Doc. 52-2); the Plaintiffs' account history, showing an outstanding balance (Doc. 52-3); documents

related to the auctioning of the Mini Cooper (Docs. 52-4 through 52-10); and the affidavit of Melissa Tate, detailing the Plaintiffs' default, (Doc. 52-11). This is more than sufficient for Truity to meet its initial burden at summary judgment of showing the absence of any material factual disputes about the existence of a contract and Plaintiffs' breach of that contract. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Plaintiffs, on the other hand, have not responded "with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). They have merely attached many of the same documents as Truity, as well as other documents that do nothing to undermine the validity of the parties' loan agreement or bring their failure to fulfill their loan obligation into dispute. *See* Docs. 59, 73. For these reasons, Truity's Motion for Summary Judgment as to its Counterclaim is **GRANTED**.

Truity asks for a judgment for damages in the amount of (i) the principal amount of the loan; (ii) pre- and post-judgment interest; (iii) expenses for collecting Plaintiffs' debt and re-selling their vehicle; and (iv) attorneys' fees. First, the Court finds that Truity is entitled to the principal amount outstanding on the loan, $3,396.40. (Doc. 74-1). Second, the Court finds that Truity is entitled to post-judgment interest. *See* Ark. Code Ann. § 16-65-114 (setting interest on judgments in contract actions at "the rate provided by the contract or ten percent (10%) per annum, whichever is greater"). As the interest rate in the Retail Installment Contract and Security Agreement is 12.99%, that is the appropriate interest rate under Ark. Code Ann. § 16-65-114. Third, the Court finds that Truity is entitled to pre-judgment interest, and that the rate should be 12.99%, as specified in the parties' Agreement. *See Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786,

797 (8th Cir. 2005) ("*When no interest rate has been agreed to by the parties*, Arkansas limits prejudgment interest to 6%." (emphasis added)); *Mo. & N. Ark. R.R. Co. v. Entergy Ark., Inc.*, 2013 WL 5442099, at *2 (E.D. Ark. Sept. 27, 2013) (finding the proper pre-judgment interest rate to be a "vexed question" when the court faced "*a contract with no agreed rate*" (emphasis added)); 2 Ark. Civil Prac. & Proc. § 31:10 (5th ed.) ("[T]he [Arkansas] Supreme Court has held that prejudgment interest is six percent *absent agreement of the parties.*" (emphasis added)).

Fourth, Truity has not provided the Court with any evidence of expenses it has incurred in collecting Plaintiffs' debt or re-selling their vehicle, other than $380 in transportation costs and auction fees that Truity already deducted when crediting the sale of Plaintiffs' vehicle to their account. (Doc. 52-7, p. 4). Given the lack of evidence, the Court will not award damages for any such expenses. Finally, Truity will be permitted to make a request for attorneys' fees by separate motion.

### III.    CONCLUSION

For the reasons stated herein:

(i)    Truity Federal Credit Union's Motion for Summary Judgment on Plaintiffs' Claims (Doc. 55) is **GRANTED**. Plaintiffs Piaowaka C. Windwolf's and Douglas A. Nixon's claims against Truity are **DISMISSED WITH PREJUDICE**.

(ii)    Brent Manning's Quality Preowned, Inc. and Brent Manning's Motion to Dismiss (Doc. 70) is **GRANTED**. Plaintiffs Piaowaka C. Windwolf's and Douglas A. Nixon's Federal Trade Commission Act and "Used Car Rule"

claims are **DISMISSED WITH PREJUDICE** and their Magnuson-Moss Warranty Act Claims are **DISMISSED WITHOUT PREJUDICE**.

(iii)  Truity Federal Credit Union's Motion for Summary Judgment as to its Counterclaim (Doc. 52) is **GRANTED**.

Judgment will be entered by separate order on this same date.

**IT IS SO ORDERED** on this 17TH day of October, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE